IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Susan R. Oliver, | : | Case No. 2:15-cv-02957 |
| Plaintiff, | : | Judge Michael H. Watson |
| v. | : | Magistrate Judge Terence P. Kemp |
| 2Checkout.com, Inc., et al. | : | |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Susan R. Oliver ("Plaintiff") and Defendants 2Checkout.com, Inc., 2CO Acquisition Inc., and Cary Serif (collectively, "Defendants") have mutually agreed to the terms of this Stipulated Protective Order ("Order").

IT IS HEREBY ORDERED, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that Plaintiff and Defendants (collectively, referred to as the "Parties" and individually as a "Party"), as well as all non-parties who produce records or deposition testimony in this case in response to a subpoena issued by a Party, shall treat the following information produced during discovery in this case as confidential, so long as properly designated and accepted as confidential, pursuant to the terms of this Order:

1. Any Party's "trade secrets," as defined under Ohio Revised Code section 1333.61, 18 U.S.C. § 1839(3).

2. Confidential information protected under the Stored Communication Act, Gramm-Leach-Bliley Act, Fair Credit Reporting Act and any other applicable state of federal law.

3. Personal medical information (of any Party or non-party Defendant employees/former employees);

4. Social Security numbers (of any Party or non-party Defendant employees/former employees);

5. Any other sensitive personal, commercial, or proprietary information that is not publicly available and the disclosure of which would cause a clearly defined and serious injury;

6. Personnel records (of any non-party Defendant employees/former employees);

7. All information subject to protection pursuant to 2Checkout.com, Inc.'s Privacy Policy, attached as Exhibit B hereto;

8. All information subject to protection pursuant to 2Checkout.com, Inc.'s Sub-Merchant Services Agreement (Domestic), attached as Exhibit C hereto;

9. All information subject to protection pursuant to 2Checkout.com, Inc.'s International Seller Services Agreement, attached as Exhibit D hereto;

10. All information designated as confidential and subject to protection pursuant to 2CO Acquisition, Inc.'s Stockholders' Agreement, attached as Exhibit E hereto;

I. **Designating Information as "Confidential"**. For documents containing confidential information, a producing party may designate the information as such under this Order by (1) placing or affixing the words "CONFIDENTIAL" on the document; (2) identifying the reason for the designation and the exact information that is confidential, unless the entire document contains confidential information in which case that shall be stated; and (3) producing the document separate from any non-confidential documents. Information contained in documents shall be designated Confidential prior to or at the time of the production or disclosure of the document, although the parties each shall have 14 days from the date the last party to this agreement executes the agreement to designate any information already produced as confidential as permitted under this Order. A Party may designate information in subpoenaed documents as

confidential (in the same way as listed above in this paragraph), within 7 days after receiving those documents. A Confidential designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

II. **Depositions.** Deposition testimony shall be deemed Confidential only if so designated. Any designation shall be specific as to the portions of the transcript or any exhibit to be designated. Thereafter, the deposition transcripts and any portions so designated shall be protected as Confidential, pending objection, under the terms of this Order. The following procedures should be followed if Confidential information is discussed or disclosed in a deposition:

  a. A Party shall have the right to exclude from attendance at the deposition, during such time as the Confidential information is to be discussed or disclosed, any person other than the deponent, a named party, the court report and videographer as applicable, and persons entitled to access to the Confidential information pursuant to <u>this Agreement.</u>

  b. The Confidential Information shall be designated as "Confidential" at the request of counsel for the Producing Party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for any party).

  c. If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "Confidential" information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

d. For deposition testimony containing confidential information, any Party may designate any portion of the testimony or exhibits thereto as confidential any time during or after the deposition up to fourteen (14) days after the deposition transcript is available for review. The designation shall be made in writing to counsel for all Parties, and shall identify the confidential information with specificity referring to the deposition page numbers and line numbers where the confidential information is located.

e. All information disclosed at a deposition and all information contained in transcripts and/or other recording shall be treated as "Confidential" for a period of fourteen (14) days after the receipt of the transcript and/or other recording to permit adequate time for review of the transcript and/or other recording and notice to other counsel regarding any designation as Confidential Information by a designating party.

III. **Acceptance of "Confidential" Designation.** If any party to the action disagrees with the designation of a document or information as confidential, that party shall provide to the designating party written notice of its disagreement within 28 days after the items were designated. Within 14 days after receipt of such written notice, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith. The Parties shall first try to dispose of such dispute in good faith on an informal basis.

If this dispute cannot be resolved, the party asserting the designation may request appropriate relief from the Court within 28 days after the parties reach a stalemate. The information shall retain the designation made by the producing party during that 28 day-period,

and thereafter (in accordance with the terms of this Agreement) if the party asserting the designation requests appropriate relief from the Court. If that relief is not sought during that time, the information loses its designation.

If the party asserting the designation requests appropriate relief from the court pursuant to this Agreement, the burden of proving that the information has been properly designated as protected is on the party making such designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge. The information shall retain the designation made by the producing party unless and until the Court orders modification or removal of any designation, and any party violating such a designation will be liable for a violation of this Order (even if the Court subsequently finds that the designation was improper).

IV. **General Protection.** Documents designated Confidential under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in Section V for any purpose whatsoever other than to prepare for and to conduct discovery and litigation of this action, including any appeal thereof.

V. **Disclosure.** The parties and their counsel shall not disclose confidential information to any other person(s) except:

    a. The court (including any Court exercising appellate jurisdiction with respect to this action), court officials, and court employees, and stenographers transcribing testimony or argument at a deposition, hearing, or other proceeding in the action or at any appeal;

b. Counsel to the Parties in the action (including in-house counsel for the Defendants) and attorneys, clerical, paralegal, data processing, secretarial, and other staff employed or retained by such counsel and actively involved in this litigation;

c. Persons who have previously had access to the information, as evidenced by the material itself, in that it is either to, from, or copied to such persons (although, no copies of the confidential information shall be given to the person for the person to retain) after executing the acknowledgement attached as Exhibit A hereto;

d. Any witness or prospective witness in this action who meets the requirements of V(c) above, but only for purposes of testimony or preparation of testimony in this case, and subject to the restrictions set forth in this Order (although, no copies of the confidential information shall be given to the person for the person to retain);

e. And any other person as to whom the Parties and/or the producing non-party agree in writing. After such person(s) execute the acknowledgement attached as Exhibit A hereto.

Except as otherwise ordered by the Court, any person to whom a disclosure of confidential information is made by the parties shall first be given a copy of this Order.

VI. **Agreement.** The parties agree that execution of this Order by counsel shall constitute their agreement to its terms. Any person(s) to whom disclosure of the confidential information is made agrees to be subject to this Court's jurisdiction for contempt, or any other appropriate proceedings, in the event of any alleged violation of this Order. All persons receiving confidential information are ENJOINED from disclosing it to any other person except in conformance with this Order.

VII. **Inadvertent Production.** If a producing party discovers after the production of discovery material that it has inadvertently failed to designate the material as Confidential, it shall give written notice to the receiving party that the material is Confidential. Within five (5) business days of the notice, (i) the receiving party shall, to the extent possible, retrieve all copies of the inadvertently produced discovery material from any person or persons in possession of such copies and return them to the producing party or provide notice to the producing party that the material (original and all copies) have been destroyed; (ii) the producing party will simultaneously provide copies of the same discovery material marked with the appropriate designation; and (iii) thereafter the parties shall treat such copies as designated.

The information shall not lose its protected status through such production or disclosure if the producing party provides written notice to the receiving party within fourteen (14) days of the discovery of the inadvertent production or disclosure, identifying the document or information in question and the corrected confidential designation for the document or information. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Order. Nothing in this Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of Section 3 of this Order.

VIII. **Use of Confidential Information in Court.** To the extent that a party wishes to attach to a brief, memorandum, or pleading any documents marked as Confidential, then, prior to filing, the party must move the Court for permission to file such document under seal.

    *a.* Before any party seeks to file a document marked as Confidential under seal with the Clerk, the filing party shall first consult with the producing party who originally designated the document to determine whether, with the producing

      party's consent, the document or a redacted version of the document may be filed with the Court not under seal.

   b.   To the extent that it is necessary for a Party to discuss the contents of any Confidential information in a written filing with the Court, then such portion of the filing may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the filing, a public and a confidential version. The public version shall contain a redaction of references to Confidential information. The confidential version shall be a full and complete version of the filing and shall be filed with the Clerk under seal as above. A copy of the unredacted filing also shall be delivered to the Court's chambers.

   c.   To the extent the Court grants permission to file a document under seal, that particular exhibit shall be filed under seal without disclosing the contents of any Confidential information in the body of the brief, memorandum, or pleading.

   d.   If the Court or a particular judicial officer develops an alternative method for the electronic filing of documents under seal, then the parties shall follow the alternative method and shall not file any documents or pleadings manually with the Clerk.

**IX. Use of Confidential Documents or Information at Trial.** If a party intends to present at trial Confidential documents or information derived therefrom, such Party shall provide advance notice to the Court and the other Parties and affected producing Parties at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.)

8

without divulging the actual Confidential documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

X. **Duration.** This Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the parties filed with the Court. This Order will survive and remain in full force and effect after the termination of this litigation.

XI. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential by counsel or the Parties is subject to protection under Rule 26(C) of the Ohio Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**SO ORDERED.**

Date: 10/3, 2016

UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE KEMP

*APPROVED:*

Danny L. Caudill (0078859)
Michel Jendretzky (0082224)
THE CAUDILL FIRM LLC
175 S. Third St., Suite 200
Columbus, Ohio 43215
Phone: (614) 360-1946
Fax: (614) 448-4544
Email: dlcaudill@caudillfirm.com
mjendretzky@caudillfirm.com

Paul L. Bittner (0061674)
Angela M. Courtwright (0077785)
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215-2538
Phone: (614) 462-2700
Fax: (614) 462-5135
Email: Paul.Bittner@icemiller.com
Angela.Courtwright@icemiller.com

9

*Attorneys for Plaintiff Susan Oliver*  *Counsel for Defendants 2Checkout.com, Inc. and Cary Serif*

CO\5380958.4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Susan R. Oliver, | : | Case No. 2:15-cv-02957 |
| Plaintiff, | : | Judge Michael H. Watson |
| v. | : | Magistrate Judge Terence P. Kemp |
| 2Checkout.com, Inc., et al. | : | |
| Defendants. | : | |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto (the "Order"), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio, in matters relating to the Order and understands that he/she is obligated to all of the protections and obligations set forth in the Order. The undersigned acknowledges that violation of the Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business:
Address _____

_____

_____

Date:_____ _____
Signature